NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 7 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROSALINDA VILLAPUDUA,

                Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

                Defendant-Appellee.

No. 20-15559

D.C. No. 1:18-cv-01465-LJO-EPG

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 13, 2022**
San Francisco, California

Before: BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

Rosalinda Villapudua appeals the district court's judgment affirming the

Social Security Administration's denial of her application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we review de

novo the district court's decision. *Benton ex rel. Benton v. Barnhart*, 331 F.3d

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

1030, 1035 (9th Cir. 2003).  We may set aside such a denial only when the findings of the Administrative Law Judge ("ALJ") "are based on legal error or not supported by substantial evidence in the record." *Id*.  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). We affirm.

1.  The ALJ provided sufficiently "specific and legitimate reasons," supported by substantial evidence in the record, for giving "partial weight" to the contradicted opinions of Villapudua's treating physician.  *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citation omitted).  The ALJ properly reasoned that the treating physician provided "little narrative explanation" for his opinions; that his statements did not take account of "claimant's other medical evidence of record"; and that several of his conclusions "are not consistent with the objective medical evidence of record."  These are valid reasons for discounting the physician's opinion, *see Ford v. Saul*, 950 F.3d 1141, 1154–55 (9th Cir. 2020); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007), and they are supported by substantial evidence.  Villapudua contends that the ALJ erred by failing to consider "the nature and extent" of the physician's treating relationship, but the ALJ expressly recognized that the treating physician's opinion was "entitled to special deference."  Although Villapudua identifies evidence that is consistent with the

2

physician's opinions, we are required to "defer to the Commissioner's" reasonable assessment when "evidence exists to support more than one rational interpretation." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The ALJ also provided sufficiently specific and legitimate reasons, supported by substantial evidence, for partially discounting the opinions of a particular consulting physician. *See Lester*, 81 F.3d at 830–31. The ALJ reasoned that this physician "assessed the claimant on only one occasion, and did not have personal experience with the claimant's functional abilities"; that she offered an "equivocal and indefinite" opinion with respect to Villapudua's postural limitations; and that she proffered several conclusions that were "inconsistent with the objective medical evidence of record." These are valid reasons for discounting this consulting physician's opinion, *see Orn*, 495 F.3d at 631, and the ALJ's decision is supported by substantial evidence. Villapudua contends that the ALJ improperly rejected the consulting physician's proposed postural limitations based on another doctor's less-detailed examination, but the ALJ found that her opinion was inconsistent with the medical record as a whole. Villapudua also contends that the ALJ erred by failing to ask for a clarification of this physician's "equivocal and indefinite" opinion, but the ALJ's duty to develop the record was not triggered by the physician's statement that Villapudua "may have difficulty" with certain tasks.

The fact that the opinion expressed uncertainty does not make it ambiguous. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).

2. The ALJ provided sufficiently "specific, clear and convincing reasons," supported by substantial evidence in the record, for discounting Villapudua's statements regarding the severity of her symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citation omitted). Villapudua claimed "that spinal pathologies prohibit her from working"; "that her conditions impair her ability to attend to her personal hygiene, prepare meals, and complete household chores"; and "that she can walk only one block before requiring rest." The ALJ properly found, citing specific evidence in the record, that "the objective medical evidence of record is incongruous with the claimant's allegations of disabling disorders." Villapudua contends that the ALJ failed to address certain evidence supporting her symptom testimony, but "the ALJ does not need to 'discuss every piece of evidence,'" *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation omitted), and as discussed above, "if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's" choice among those interpretations, *Batson*, 359 F.3d at 1193. On the record before us, we cannot say that the ALJ's interpretation of the evidence was irrational. And although Villapudua's "subjective pain testimony cannot be rejected on the *sole* ground that it is not fully corroborated by objective medical evidence, the medical

4

evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (emphasis added) (citing 20 C.F.R. § 404.1529(c)(2)).[1]

3. Finally, we conclude that substantial evidence supports the ALJ's residual functional capacity determination. The ALJ permissibly relied upon the opinions of two state-agency medical consultants, whose conclusions were consistent with other evidence in the medical record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that "a non-examining medical expert" opinion "may constitute substantial evidence when it is consistent with other independent evidence in the record"). Moreover, we agree with the Commissioner that the ALJ's interpretation of the record did not constitute impermissible "lay opinion." *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity.") (citing 20 C.F.R. § 404.1545).

**AFFIRMED.**

---

[1] Even assuming that Villapudua is correct in arguing that the ALJ erred in concluding that her symptom testimony was inconsistent with her daily activities, any error was harmless. The ALJ's decision was amply supported by the other reasons given. *See Ford*, 950 F.3d at 1154 (stating that any error by the ALJ is harmless if it is inconsequential to the ultimate disability determination).